UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN SIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-00585-TWP-MPB |
| | ) |
| WEXFORD/MEDICAL TREATMENT CENTER, | ) |
| WEXFORD/N.C.P. TREATMENT CENTER, | ) |
| KEITH BUTTS Warden of New Castle | ) |
| Correctional Facility, | ) |
| G.E.O. WORLD HEADQUARTERS, | ) |
| KERIS Dr., | ) |
| CRAIG CANIFF Mr., | ) |
| BLACK Ms., | ) |
| MATTHEW Ms., | ) |
| SMITH Ms., | ) |
| HIAMEN Ms., | ) |
| VICKI E. BURDINE, | ) |
| DOSS Dr., | ) |
| BOUILLON Ms., | ) |
| HEATHER VERDON Ms., | ) |
| HANDCOCK Mr,, | ) |
| ZACHERY Mr., | ) |
| DARLING Ms., for Wexford/N.C.P. Treatment | ) |
| Team Center, Individually and their official | ) |
| capacities, | ) |
| | ) |
| Defendants. | ) |

**ENTRY DISCUSSING FILING FEE, SCREENING COMPLAINT,
DISMISSING COMPLAINT,
AND DIRECTING PLAINTIFF TO SHOW CAUSE**

I.  **Filing Fee**

In the Entry of March 14, 2019, dkt. 4, Plaintiff John Sims ("Mr. Sims") was given through April 15, 2019, in which to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. He was ordered that if he seeks leave to proceed *in forma*

*pauperis*, his request must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on February 7, 2019. He was informed that failure to comply with that Order could subject the case to dismissal for failure to prosecute and failure to comply with Court orders.

Mr. Sims has failed to comply with these directions. He shall have **additional time, through May 31, 2019,** in which to do so or else the action will be dismissed as abandoned and for failure to prosecute.

## II. Screening of the Complaint

A.   *Legal Standards*

Mr. Sims is currently incarcerated at the Wabash Valley Correctional Facility. His allegations in this action are based on circumstances that arose at the New Castle Correctional Facility (New Castle). Because he is a "prisoner" as defined by 28 U.S.C. § 1915A(c), the Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal,* 851 F.3d at 720.

B. *Allegations*

The complaint filed on February 7, 2019, names the following defendants: 1) Wexford/N.C.P. Treatment Center; 2) Wexford/ Medical Treatment Center; 3) Warden Keith Butts of New Castle and G.E.O World Headquarters; 4) Dr. Keris; 5) Mr. Craig Caniff; 6) Ms. Black; 7) Ms. Matthew; 8) Ms. Smith; 9) Ms. Hiamen; 10) Vicki E. Burdine; 11) Dr. Doss; 12) Ms. Bouillon; 13) Ms. Heather Verdon; 14) Mr. Handcock; 15) Mr. Zachery; and 16) Ms. Darling. Mr. Sims names the defendants in their individual and official capacities. He seeks compensatory and punitive damages and injunctive relief.

Mr. Sims alleges that while he was housed on the New Castle mental health unit from February 8, 2018, until January 28, 2019, the mental health staff, including Dr. Keris, Ms. Hiamen, Ms. Matthew, Ms. Black, and Mr. Caniff, kept him on suicide watch for a long time as punishment even when he was on good behavior. He also alleges that mentally ill inmates were not allowed to participate in educational programs or to get jobs. He further alleges that Wexford and Warden Butts did not have the correct number of custody staff, mental health staff, or nurses working on the unit to run groups and provide proper treatment.

C. *Discussion*

At all times relevant to Mr. Sims's claims, he was a convicted offender. Accordingly, his treatment and the conditions of his confinement are evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). Mr. Sims' claims, however, are deficient as a matter of law for the reasons discussed below.

"The Eighth Amendment…does not compel prison administrators to provide general educational programs for inmates." *Johnson v. Randle*, 451 F. App'x 597, 599 (7th Cir. 2011) (citing *Rhodes v. Chapman,* 452 U.S. 337, 348 (1981)). "It follows, then, that refusing to take steps that might help [plaintiff] exploit available programs could not violate the Eighth Amendment." *Id.*; *see also Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir. 2000) ("There is no constitutional mandate to provide educational, rehabilitative, or vocational programs, in the absence of conditions that give rise to a violation of the Eighth Amendment.") (internal quotation omitted). Vocational programs are not one of "life's necessities" required to be provided by prison administrators. *Walker v. Samuels*, 543 F. App'x 610, 611 (7th Cir. 2013). Therefore, to the extent Mr. Sims alleges that he had a constitutional right to educational programming, he is mistaken, and such claim is **dismissed for failure to state a claim upon which relief can be granted.**

Similarly, no inmates, whether deemed mentally ill or not, have a property or liberty interest in having a job in prison. *Starry v. Oshkosh Correctional Inst.*, 731 Fed. Appx. 517, 518 (7th Cir. April 17, 2018); *Soule v. Potts,* 676 Fed. Appx. 585, 586 (7th Cir. Feb. 10, 2017) ("The Constitution does not give prisoners any substantive entitlements to prison employment."); *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000); *Wallace v. Robinson*, 940 F.2d 243, 247 (7th Cir. 1991) (en banc). Therefore, because Mr. Sims has no constitutional right to hold a prison job, his claim that he was denied a job is **dismissed for failure to state a claim upon which relief can be granted.**

Any claims against the defendants in their official capacities are, in effect, claims against the State of Indiana. The Eleventh Amendment bars claims against the State. *Kentucky v. Graham,* 473 U.S. 159, 167 n. 14 (1985). Therefore, the official capacity claims are **dismissed for failure to state a claim upon which relief can be granted.**

The Court has construed the complaint as also bringing a due process claim alleging that he is being confined on suicide watch even at times when he was not acting suicidal. Courts have concluded that an inmate being placed in a suicide watch cell even though not suicidal does not state a constitutional claim. "[T]here is no constitutional right to avoid being placed on suicide watch." *Span v. Melvin,* No. 18-1078, 2018 WL 2944152 at *2 (C.D. Ill. June 12, 2018) (internal quotation omitted) (collecting cases). "[S]everal courts have noted temporary placement on suicide watch, even when not necessary, does not implicate a liberty interest protected by the Due Process Clause, nor does it amount to cruel and unusual punishment under the Eighth Amendment." *Id.* (internal quotation omitted) (citing cases). Mr. Sims' due process claims concerning his placement on suicide watch are **dismissed for failure to state a claim upon which relief can be granted.**

Finally, to the extent Mr. Sims alleges that the New Castle mental health unit was inadequately staffed, he does not allege that he was harmed in any way by the number of staff on the unit. There is no constitutional right to have any certain number of employees working on a prison unit at any given time. Moreover, to the extent the appropriate number of staff is determined by prison policy or state law, the violation of any such policy or law does not support a constitutional claim. *See Beley v. City of Chicago,* 901 F.3d 823, 828 (7th Cir. 2018) ("Mere violation of a state statute does not infringe the federal Constitution.") (internal quotation omitted); *Waubanascum v. Shawano County,* 416 F.3d 658, 670 (7th Cir. 2005) (neither negligence nor a violation of state law provide a basis for liability under § 1983). This claim is **dismissed for failure to state a claim upon which relief can be granted.**

"[N]ot everything that is undesirable, annoying, or even harmful amounts to a violation of the law, much less a constitutional problem." *Brown v. Chicago Board of Education*, 824 F.3d

713, 714 (7th Cir. 2016). "[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008).

### III. Report Change of Address

The *pro se* plaintiff shall report any change of address within ten (10) days of any change. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### IV. Show Cause

Mr. Sims' complaint must be dismissed for the reasons set forth above. Mr. Sims shall have **through May 31, 2019,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Mr. Sims fails to respond to this order to show cause, the case will be dismissed in accordance with 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted without further notice.

**IT IS SO ORDERED.**

Date: 5/8/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOHN SIMS, #232623
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838